IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

Susan Jenkins                                                                                              PLAINTIFF

        v.                            Civil No. 01-6138

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                              DEFENDANT

## MEMORANDUM OPINION

On July 13, 2001, Plaintiff, Susan Jenkins, appealed to this Court from the denial of her application for social security disability benefits by the Commissioner of the Social Security Administration (hereinafter "Commissioner") (Doc. #1). On July 19, 2002, the undersigned remanded this matter for further consideration, pursuant to sentence four, *42 U.S.C. § 405(g)* (Doc. #10 & 11).

Plaintiff's attorney, Shannon Muse Carroll, filed a Motion for An Award of Attorney Fees Under The Equal Access to Justice Act, (hereinafter the *"EAJA"*), on November 18, 2002 (Doc. #17-19). The Commissioner failed to responded to the motion for EAJA fees. On September 16, 2002, the undersigned found that plaintiff's counsel was entitled to an *EAJA* award in the amount of $2,000.00, to be paid in addition to, but not out of, any past-due benefits which plaintiff may be awarded in the future (Doc. #20 & 21).

Now before the Court is the counsel's motion for approval of attorney's fees in the amount of $5,375.00, which represents 21.50 hours at the rate of $250 per hour (Doc. #22, attachment #1 & 2).

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in *42 U.S.C. § 406(b)(1)*.

AO72A
(Rev. 8/82)

The relevant portion of the statute reads:

> …the court may determine and allow as part of its judgment a reasonable fee … not in excess of 25 percent of the … past-due benefits to which the claimant is entitled by reason of such judgment.

As previously stated, this fee is payable out of, and not in addition to, the amount of plaintiff's past-due benefits.

*Local rule 7.2(a)* requires that all motions not specifically itemized as an exception in subsection (d)[1] therein "shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law."  Both the motion and the accompanying brief in support of said motion "shall be filed with the Clerk, and copies shall be served on all other parties affected by the motion."

**Discussion:**

Here, plaintiff's counsel failed to file a brief in support of her motion for attorney fees pursuant to *42 U.S.C.A. § 406(b)*.  On February 11, 2006, counsel filed a Motion for Attorney Fees (Doc. #22), but no brief has been filed in support of this motion.  Therefore, this motion was not filed in compliance with *local rule 7.2.*

Said motion has three attachments filed with it.  First, counsel attached an itemization of the time she asserts she devoted to the representation of plaintiff at both the administrative and district court levels (Doc. #23, attachment #1).  Counsel also attached an  Counsel an

---

[1] Subsection (d) of *local rule 7.2* provides that unless otherwise directed by the court, no briefs are required from any party with respect to the following motions:  1) to extend time for the performance of an act required or allowed to be done; 2) to obtain leave to file supplemental or amended pleadings; 3) to appoint an attorney or guardian ad litem; and, 4) to permit substitution of parties or attorneys.

AO72A
(Rev. 8/82)

affidavit wherein she recites the procedural history of the case. Counsel also asserts that upon remand, Plaintiff was awarded past due benefits in the amount of $36,641.20 (Doc #22, attachment #2). Counsel asserts that she devoted 21.50 hours to plaintiff's case at the administrative level and 46.00 hours at the district court level (Doc. #22, attachment #1). Finally, counsel attached a copy of the January 19, 2005 Consumer Price Index as evidence of the alleged increase in the cost of living (Doc. #22, attachment #3). No other evidence or attachments were filed by counsel for Plaintiff.

The Commissioner filed her response on April 11, 2006 (Doc. #23). Despite the absence of a brief in support of said motion and the absence of evidence of Plaintiff's award of benefits or the amount thereof upon remand, the Commissioner does not object to a reasonable fee, so long as said fee is not in excess of 25% of Plaintiff's past due benefits (Doc. #23, p. 1).

The undersigned finds that counsel's motion is not sufficient to award fees. In addition to counsel's failure to comply with *local rule 7.2*, there is no evidence of record to establish that Plaintiff prevailed upon remand. Likewise, there is no evidence in the record to establish the amount of Plaintiff's award for past due benefits. While Plaintiff's counsel purports to submit this information via her affidavit, such is not sufficient proof that a party prevailed or the amount of any past-due benefits. A copy of the favorable decision of the administrative law judge is an example of sufficient evidence to establish that Plaintiff received a favorable decision upon remand. Likewise, a copy of the award letter from the Social Security Administration stating the exact dollar amount of past-due benefits is an example of sufficient evidence to establish the amount of past due benefits to which Plaintiff

AO72A
(Rev. 8/82)

is entitled. The award letter from social security and the favorable decision of the administrative law judge should have been attached to the motion for attorney fees as evidence of Plaintiff's receipt of a favorable decision and as evidence of the amount of any past-due benefits.

**Conclusion:**

In light of the above-described deficiencies in the pleadings, the pending Motion for Attorney Fees pursuant to *42 U.S.C.A. § 406(b)* is denied and dismissed, without prejudice.

ENTERED this 24th day of May, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)